

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 9, 2016

Ms. Jean L. Olinger, D.M.
Presiding Officer
Texas Funeral Service Commission
Post Office Box 12217
Austin, Texas 78711

Opinion No. KP-0083

Re: Whether a county is responsible for costs associated with transporting a body from an autopsy to its final destination (RQ-0069-KP)

Dear Ms. Olinger:

Your question concerns the transportation of a body following an autopsy performed by order of a justice of the peace.[1] If a person dies under certain circumstances, such as when the cause is unknown or there are indications that the death may have been caused by unlawful means, a justice of the peace in the county must conduct an inquest into the death. *See* TEX. CODE CRIM. PROC. art. 49.04(a)(1)–(8) (listing various circumstances triggering the duty of a justice of the peace to conduct an inquest). During an inquest, a justice of the peace may decide that an autopsy is necessary to determine or confirm the nature and cause of death, in which case he or she must order an autopsy. *See id.* art. 49.10(e)(1).[2] In such an instance, the commissioners court "shall pay a reasonable fee for the transportation of a body to a place where an autopsy can be performed." *Id.* art. 49.10(h). You inquire as to "who is responsible for transporting the body to the final destination" after the autopsy has been completed. Request Letter at 1. "If the funeral home must retrieve the body," you ask, "who is responsible for the transportation costs – the county or the deceased's agent?" *Id.*

---

[1]*See* Letter from Ms. Jean L. Olinger, D.M., Presiding Officer, Tex. Funeral Serv. Comm'n, and attached brief, to Honorable Ken Paxton, Tex. Att'y Gen. (Nov. 9, 2015), https://www.texasattorneygeneral.gov/opinion /requests-for-opinion-rqs ("Request Letter" and "Brief," respectively). Because your letter references an autopsy ordered by a justice of the peace, we presume your question relates to a county that has not established the office of medical examiner. *See* TEX. CODE CRIM. PROC. art. 49.25, § 12 ("When the commissioners court of any county shall establish the office of medical examiner, all powers and duties of justices of the peace in such county relating to the investigation of deaths and inquests shall vest in the office of the medical examiner."). We limit our analysis accordingly.

[2]A justice of the peace must also order an autopsy in the case of a child under age six whose death was unexpected or the result of abuse or neglect, or if directed to do so by the district attorney, criminal district attorney, or, in some cases, the county attorney. *Id.* art. 49.10(e)(2)–(3).

A county commissioners court generally has only those powers expressly delegated to it by the Texas Constitution or the Legislature. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). The commissioners court may also exercise those powers that are necessarily implied for the accomplishment of its assigned duties. *Id.* With regard to the disposition of a body, the Legislature has given the commissioners court the limited responsibility of providing "for the disposition . . . of a deceased pauper" and has authorized the county to "create a fund . . . to pay the costs incurred" in the disposition, which could conceivably include transporting the body to its final destination. TEX. HEALTH & SAFETY CODE § 694.002(a), (e). Similarly, the Legislature has directed a political subdivision with "charge or control of a body not claimed for burial or a body required to be buried at public expense" to notify the Anatomical Board of the State of Texas (the "Board"),[3] if requested, of the existence of the body and allow the Board "to remove the body." *Id.* § 691.023(a)(1), (3); *see also id.* §§ 691.021 (clarifying that "political subdivision" as used in subchapter B of chapter 691 includes a county), 711.002(a) (listing in priority order the persons with the right to control the disposition of a decedent's remains). If the Board does not require the body, the political subdivision must "pay all costs" of preparing the body for burial. *Id.* § 691.023(b); *see also id.* § 711.002(e) (giving the person conducting an inquest the duty to inter the remains when no person with the legal duty to inter has assumed the responsibility). Thus, if a body is not claimed for burial or is to be buried at public expense, and if the Board does not require the body, the commissioners court is required to pay for the body's preparation for burial, which could include the cost of transporting the body to its final destination.

We find no other provision authorizing a commissioners court to transport a body following an autopsy or to pay for the cost of such transportation. You suggest that transporting a body following an autopsy should be considered part of the costs related to obtaining the autopsy. *See* Brief at 1. In your view, "[i]f this were not so, the cost would have to be borne by the Funeral Establishment, and would certainly be passed on to the family or person responsible for the final disposition of the deceased." *Id.* However, placing the ultimate financial responsibility for the disposition of a body on the person with the legal duty to inter the deceased appears to be precisely what the Legislature intended and would be the case had no autopsy been ordered. *See* HEALTH & SAFETY CODE § 711.002(a), (a-3) (making such a person liable for the reasonable cost of interment). Furthermore, statutes governing the involvement of a funeral establishment to carry out the interment contemplate that the transportation of a body generally falls within the scope of the services provided by the establishment. *See id.* § 711.001(13) (providing that a "funeral establishment" is "a place of business used in the care and preparation for interment *or transportation* of human remains" (emphasis added)).

When a funeral director is engaged to take charge of a deceased's body and prepare it for burial or other disposition, the funeral director begins a relationship with the consumer known in the industry as "first call," which gives the director the legal duty to assume responsibility for the body. *See* TEX. OCC. CODE § 651.401; *see also id.* § 651.405 (requiring a funeral establishment to provide a written retail price list including the price of "transferring a deceased person to the funeral establishment"). In providing certain parameters governing the provision of services "on

---

[3]The Board is statutorily authorized to facilitate the distribution of deceased human remains for the purpose of teaching and research. *See generally* TEX. HEALTH & SAFETY CODE §§ 691.001–.035.

first call," section 651.401 of the Occupations Code generally requires a funeral director to "direct and personally supervise the pickup of a dead human body." *Id.* § 651.401(a). The Legislature anticipated that there would be circumstances under which the personal supervision of the funeral director would be unnecessary and could be delegated to an employee, including when transferring a body "from a funeral establishment to and from a morgue in which an autopsy is performed." *Id.* § 651.401(b)(2). But such a transfer is still the responsibility of the funeral director. *See id.* § 651.401(d) (providing that "[a] funeral director . . . who directs the removal or transfer of a dead human body without personally supervising the transfer is strictly accountable for compliance with the requirements" of section 651.401). The Funeral Service Commission's own rules appear to acknowledge that only the transportation of a body *to* a morgue for an autopsy, and not *from* the morgue afterward, falls outside of the scope of a funeral director's responsibility. *See* 22 TEX. ADMIN. CODE § 203.21(b) (2015) (Tex. Funeral Serv. Comm'n, First Call Definition) ("Transportation of a body sent *to* a morgue . . . for . . . autopsy at the request of a Justice of the Peace . . . does not constitute a First Call. Any expenses . . . for the transportation of a body under this subsection are not items of choice for the consumer . . . and therefore are not the responsibility of the consumer to pay." (emphasis added)).

This view is consistent with the objective of an autopsy. The purpose of exercising a justice of the peace's statutory authority to order an autopsy is to determine the cause of death. *See* TEX. CODE CRIM. PROC. art. 49.10(e) (listing the circumstances requiring an autopsy). Transporting a body to its final destination after the autopsy does not further this purpose. In addition, the Legislature has authorized a commissioners court to pay for autopsy-related expenses only for the autopsy itself and events leading up to its undertaking, not for events afterward. *See, e.g., id.* arts. 49.10(b) (for a consultation with a county health officer or physician as to the necessity of ordering an autopsy), 49.10(g) (if assessed, to a physician for performing the autopsy), 49.10(h) (for transportation of a body to a place where an autopsy can be performed), 49.11(c) (for chemical analysis), 49.23(a) (for the assistance of a death investigator during an inquest). The fact that the Legislature knows how to provide for autopsy-related costs but has not provided for post-autopsy transportation of a body is an indication that such a cost is the responsibility of the person with the legal duty to inter the deceased, or that person's agent, and not a commissioners court. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (noting that the Legislature knows how to enact a law effectuating its intent).

## S U M M A R Y

A commissioners court is authorized to pay the cost of transporting a body to its final destination following an autopsy ordered by a justice of the peace only if a body is not claimed for burial or is to be buried at public expense and if the Anatomical Board of the State of Texas does not require the body. Otherwise, the cost of transporting the body to its final destination is the responsibility of the person with the legal duty to inter the deceased, or that person's agent.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee